UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LUIS MEDINA and EVATECH, INC.,**

    **Plaintiffs,**

v().                                                    Case No. 8:10-cv-2134-T-35-AEP

**JOHN WRIGHT, ANDREW BERRY, and KELLI BERRY,**

    **Defendants.**

_____

**ANDREW BERRY and KELLI BERRY,**

    **Counter-Plaintiffs,**

v.

**LUIS MEDINA, TAMMY MEDINA, and EVATECH, INC.,**

    **Counter-Defendants.**

_____

**JOHN WRIGHT,**

    **Counter-Plaintiff,**

v.

**LUIS MEDINA, TAMMY MEDINA, and EVATECH, INC.,**

    **Counter-Defendants.**
_____/

## **ORDER**

**THIS CAUSE** comes before the Court for consideration *sua sponte* in connection with the Court's preparation for trial in this matter. On April 27, 2012, Plaintiffs filed their Amended Complaint. (Dkt. 111) In the Amended Complaint, Plaintiffs allege, among other things, that they "own and/or hold two U.S. Patents on a Hybrid Remote Control Lawnmower, patent numbers (7318493, 7677344)." (Id. at ¶ 7) Plaintiffs allege that Defendants[1] have infringed those patents, and Plaintiffs "demand entry of judgment" as to the alleged patent infringement. (Id. at 4)

A facial review of Patent Number 7,677,344 ("'344 Patent") reveals that Plaintiff Luis Medina and Brian Nagamatsu are listed as the inventors, and thus presumptively, are the co-owners of the '344 Patent.

"It is a bedrock tenet of patent law that 'an invention presumptively belongs to its creator.'" Israel Bio-Engineering Project v. Amegen, Inc., 475 F.3d 1256, 1263 (Fed. Cir. 2007)(quoting Teets v. Chromalloy Gas Turbine Corp., 83 F.3d 403, 406 (Fed. Cir. 1996)). "Consistent with the presumption that the inventor owns his invention, the '[p]atent issuance creates a presumption that the named inventors are the true and only inventors.'" Israel Bio-Engineering Project, 475 F.3d at 1263 (quoting Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1460 (Fed. Cir. 1998)). "When, as here, multiple inventors are listed on the face of the patent, each co-owner 'presumptively owns a pro rata undivided interest in the entire patent, no matter what their respective contributions.'" Id. Thus, "[w]here one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing."

---

[1] On July 1, 2013, the claims for patent infringement against Defendants Andrew Berry and Kelli Berry were dismissed. (Dkt. 174)

Israel Bio-Engineering Project, 475 F.3d at 1263. In the absence of standing the matter cannot proceed, and this infirmity cannot be waived by the defendant for failure to raise it, as it is jurisdictional. See Pandrol USA, LP v. Airboss Ry. Products, Inc., 320 F.3d 1354, 1367 (Fed. Cir. 2003) ("It is well-established that any party, and even the court *sua sponte*, can raise the issue of standing for the first time at any stage of the litigation, including on appeal." "Under Article III, 'standing . . . is jurisdictional and not subject to waiver.'" (quoting Lewis v. Casey, 518 U.S. 343, 349 n. 1 (1996)).

"With certain exceptions . . . , one co-owner has the right to limit the other co-owner's ability to sue infringers by refusing to join voluntarily in the patent infringement suit." Israel Bio-Engineering Project, 475 F.3d at 1264. There are two established exceptions that exist. "First, when any patent owner has granted an exclusive license, he stands in a relationship of trust to his licensee and must permit the licensee to sue in his name." Ethicon, Inc., 135 F.3d at 1468 n. 9. "Second, the obligation may arise by contract among co-owners. If, by agreement, a co-owner waives his right to refuse to join suit, his co-owners may subsequently force him to join in a suit against infringers." Id. "Absent voluntary joinder of all co-owners of a patent, a co-owner acting along will lack standing." Israel Bio-Engineering Project, 475 F.3d at 1264-65.

There is no allegation in the Amended Complaint that Brian Nagamatsu assigned his interest in the '344 Patent to either Evatech, Inc. or Luis Medina. There also is no allegation in the Amended Complaint that Brian Nagamatsu has waived his right to join this action or attempted to join this action.

Thus, it appears to the Court that Plaintiffs lack standing to sue for patent infringement related to the '344 Patent because all co-owners have not joined this action.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs shall show cause why the Court should not dismiss their patent infringement claim related to the '344 Patent for lack of standing.

2. Plaintiffs shall have **up to and including July 18, 2013**, to respond to the Court's Order. Failure to respond will result in the dismissal of Plaintiffs' patent infringement claim related to the '344 Patent.

**DONE** and **ORDERED** in Tampa, Florida, on this 11th day of July 2013.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* parties